# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ALVIN MAURICE HAILEY, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 19-2171 |
| | : | |
| MONTGOMERY COUNTY | : | |
| CORRECTIONAL FACILITY, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                             **May 23, 2019**

Alvin Maurice Hailey alleges a Montgomery County Correctional Officer sexually assaulted him at the Montgomery County Correctional Facility. He also refers to other state actors' conduct related to his 2017 arrest and seizure of his car unrelated to conduct in prison. He seeks to proceed *in forma pauperis*. We grant Mr. Hailey leave to proceed *in forma pauperis*. But as he does not state civil rights claims relating to the sexual assault or a 2017 arrest and car seizure, we dismiss his Complaint with leave to timely amend his complaint to allege sexual assault and file a separate case on the 2017 arrest and car seizure consistent with this Memorandum.

## I. Allegations

In March 2015, Montgomery County Correctional Officer Beard "touched [Mr. Hailey] in [a] private area without [his] consent in addition to making sexual advances towards [him] that were both unwanted and highly inappropriate."[1] Mr. Hailey alleges Officer Beard continued this conduct until Mr. Hailey's release in August 2016. Mr. Hailey returned to the Montgomery County Correctional Facility in August 2017. Upon his return, Officer Beard again "continued to sexually harass [him],"[2] until September 2018.

Mr. Hailey alleges District Attorney Kevin Steele, Warden Algarin, Major Carbo, the Pennsylvania State Police, and "employees at the P.R.E.A. organization" all "turned a blind eye to [his] dire situation."[3] He filed grievances but Captain Moyer, Major Carbo, Major Brown, Lieutenant Zerr, and Captain Berger denied the grievances "and or blocked this process."[4]

Although Mr. Hailey seeks damages due to injuries he allegedly sustained in connection with the sexual abuse at the Montgomery County Correctional Facility, he also alleges the Norristown Police Department, its officers, Morrello's Towing, Russell Morello, and Assistant District Attorney McLaughlin are "tied into this complaint" for arresting him in 2017, which "led [him] back into Montgomery County Correctional Facility in 2017 where the abuse continued."[5] He also alleges facts about his car seized in connection with his arrest. Mr. Hailey alleges the car "was released to Morello's Towing without [his] consent or knowledge until [he] received a letter around April 2019."[6] He looked into the matter and learned his car had been sold. Mr. Hailey suggests the Norristown Police Department, its officers, Morrello's Towing, Russell Morello, and Assistant District Attorney McLaughlin "conspired" to sell his car and failed to contact him before doing so.[7]

## II. Analysis

Mr. Hailey *pro se* sues: (1) the Montgomery County Correctional Facility; (2) Correctional Officer Beard; (3) Captain Moyer; (4) the Pennsylvania State Police Department; (5) Major Carbo; (6) Major Brown; (7) District Attorney Kevin Steele; (8) Warden Julio Algarin; (9) Captain Smith; (10) Lieutenant Zerr; (11) C/O Musso; (12) Captain Berger; (13) C/O Errington; (14) P.R.E.A.; (15) the Norristown Police Department; (16) Police Officer Carl Robinson; (17) Cpl Tyler North; (18) Morello's Towing; and (19) Assistant District Attorney Kathleen A. McLaughlin. In the body of his Complaint, Mr. Hailey also identifies "BCI/P.R.E.A.Coordinator," Russell Morello, and

2

Chief of Police Russell Bono as Defendants, although he failed to identify those individuals in the caption under Federal Rule of Civil Procedure 10(a).

We grant Mr. Hailey leave to proceed *in forma pauperis* as he cannot pay the fees to commence this case.[8] We dismiss the Complaint if he fails to state a claim.[9] We determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[10] Conclusory allegations do not suffice.[11] We may also dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint.[12] As Mr. Hailey is proceeding *pro se*, we construe his allegations liberally.[13]

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[14] Mr. Hailey does not plead a plausible basis for a claim as pled. But we grant him leave to timely file again if he can provide more facts for his claims.

### A. We dismiss Mr. Hailey's claims related to alleged sexual abuse.

#### 1. Mr. Hailey fails to plead facts supporting a civil rights claim against Correctional Officer Beard.

Mr. Hailey's primary allegations are Officer Beard sexually abused him during two periods of incarceration at the Montgomery County Correctional Facility: between March 2015 and August 2016, and between August 2017 and September 2018. Mr. Hailey alleges during his first incarceration, Officer Beard "touched [him] in [a] private area without [his] consent in addition to making sexual advances towards [him] that were both unwanted an highly inappropriate," and during the second incarceration, Officer Beard "continued to sexually harass [him]."[15]

The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs

3

claims brought by pretrial detainees.[16] As Mr. Hailey's status during his incarceration is not clear from the Complaint, we analyze the Complaint under both Amendments. Sexual abuse of inmates or detainees may violate the Eighth and Fourteenth Amendments, respectively.[17]

In the Eighth Amendment context, Mr. Hailey must satisfy both an objective and subjective prong akin to excessive force claims.[18] The conduct in question must be "objectively, sufficiently intolerable and cruel, capable of causing harm and the official must have a culpable state of mind."[19] "Regarding the subjective prong, [the Court] consider[s] whether the official had a legitimate penological purpose or if he or she acted maliciously and sadistically for the very purpose of causing harm."[20] Although the United States Court of Appeals for the Third Circuit has not articulated the standard governing sexual abuse in the pretrial detainee context, the Supreme Court has held pretrial detainees alleging excessive force need not prove the defendant's state of mind and "must show only that the force purposely or knowingly used against him was objectively unreasonable."[21]

Under either standard, Mr. Hailey has not alleged sufficient facts to move forward on his sexual abuse allegations. His allegations are almost entirely conclusory, which makes it difficult for us to understand what happened and to evaluate his claims. Mr. Hailey characterizes Officer Beard's conduct as "sexual advances" which were "highly inappropriate" and claims he was touched in a "private area." Those allegations do not provide enough facts or context to move forward on a plausible claim for sexual abuse. Although it may be uncomfortable, Mr. Hailey must plead details about the circumstances surrounding his interactions with Officer Beard to state a plausible basis for this civil rights claim.

He must also plead facts so we can determine if his claim is timely. Pennsylvania's two-year limitations period applies to Mr. Hailey's § 1983 claims.[22] The limitations period began to

4

run from the time Mr. Hailey "knew or should have known of the injury upon which [his] action is based."[23] Under the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court.[24]

It appears Mr. Hailey's claims related to his incarceration from March 2015 through August 2016 may be time-barred. Mr. Hailey knew or should have known of the basis for his assault claims against Officer Beard at the time. Mr. Hailey delivered his Complaint to prison officials for mailing on May 5, 2019, which is approximately eight months after his first incarceration. Although the statute of limitations is tolled while a prisoner exhausts administrative remedies, Mr. Hailey would not have been required to exhaust administrative remedies once he was released.[25] If he chooses to file an amended complaint to pursue claims based on his earlier incarceration, Mr. Hailey may include specific allegations as to why he believes those claims are timely filed.

### 2. We dismiss Mr. Hailey's claims relating to the sexual abuse claim against remaining defendants.

Mr. Hailey has not alleged a plausible basis for a claim against any Defendant other than Officer Beard related to the alleged sexual abuse at the Montgomery County Correctional Facility.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs."[26] "[B]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[27] There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates."[28] First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm."[29] "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed

5

others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct."[30] "[T]he level of intent necessary to establish supervisory liability will vary with the underlying constitutional tort alleged."[31]

Mr. Hailey has not alleged a basis for most of the Defendants' liability. There is no plausible basis for holding police officers or prosecutors responsible for sexual abuse at the Montgomery County Correctional Facility based on Mr. Hailey's allegation his arrest—and presumably related prosecution—caused his incarceration. Further, the Montgomery County Correctional Facility itself is not a proper Defendant here because a "prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws."[32]

Mr. Hailey's allegations certain Defendants "turned a blind eye to [his] dire situation" are too conclusory to state a claim against those Defendants, because they do not indicate with specificity what each Defendant knew and did (or did not do) so as to violate Mr. Hailey's rights relating to the alleged sexual assault.[33] Mr. Hailey's generalized allegation other Defendants denied his grievances does not provide sufficient facts from which to conclude those Defendants violated his rights.[34] Mr. Hailey has not alleged a plausible basis for holding another Defendant liable for constitutional violations related to the sexual abuse he attributes to Officer Beard.

**B. We dismiss Mr. Hailey's claims related to the 2017 arrest and seizure of his car.**

Mr. Hailey also discusses his 2017 arrest and the seizure and sale of his car. It is unclear whether Mr. Hailey is challenging the basis for his arrest or the seizure of his car. If he is raising claims against the District Attorney or Assistant District Attorney for prosecuting him, which is also not clear, those claims are barred by absolute prosecutorial immunity.[35] Liberally construing his Complaint, Mr. Hailey may be alleging a due process claim based on the sale of his car, but he

6

fails to allege what each Defendant did and states only several Defendants "conspired" to sell his car without contacting him.

"[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred."[36] "[A] bare assertion of conspiracy will not suffice."[37] Mr. Hailey has not alleged anything beyond a bare assertion of conspiracy. He has failed to develop his allegations with supporting facts which plausibly suggest any of the Defendants reached an agreement to violate his rights.

If Mr. Hailey is challenging the constitutionality of his 2017 arrest or the seizure and sale of his car, he has improperly joined those claims with his claims related to the sexual abuse he allegedly suffered at the Montgomery County Correctional Facility. Federal Rule of Civil Procedure 20 allows a plaintiff to join multiple defendants in one action if: (a) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (b) "any question of law or fact common to all defendants will arise in the action." "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'"[38] "But this application, however liberal, is not a license to join unrelated claims and defendants in one lawsuit."[39] "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."[40]

Mr. Hailey's arrest, resulting in his incarceration at the Montgomery County Correctional Facility, and which led to the challenged conditions, is an insufficient basis for joining the two sets of claims together. Although Mr. Hailey will be permitted to amend his claims, he must proceed

7

in separate lawsuits if he chooses to pursue both sets of claims: (1) sexual abuse at the Correctional Facility; and, (2) challenging his arrest and seizure/sale of his car.

### III. Conclusion

We dismiss Mr. Hailey's Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). We grant Mr. Hailey an opportunity to timely file: an amended complaint on the sexual abuse claim; and, file a new case challenging his arrest and seizure/sale of his car if he can cure the defects in his claims.

---

[1] ECF Doc. No. 2 at 9. We adopt the pagination assigned to the Complaint by the CM-ECF docketing system.

[2] *Id.*

[3] *Id.*

[4] *Id.* at 11.

[5] *Id.* at 10.

[6] *Id.*

[7] *Id.*

[8] As Mr. Hailey is incarcerated, he must pay the filing fee in installments under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

[9] 28 U.S.C. § 1915(e)(2)(B)(ii).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[11] *Id.*

[12] *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by, Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).

[13] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[14] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[15] ECF Doc. No. 2 at 9.

[16] *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

[17] *Ricks v. Shover*, 891 F.3d 468, 473 (3d Cir. 2018) ("[P]rison sexual abuse can violate the Constitution"); *Alberti v. Klevenhagen*, 790 F.2d 1220, 1224 (5th Cir. 1986) ("The same conditions of violence and sexual abuse which constitute cruel and unusual punishment may also render the confinement of pretrial detainees punishment per se.").

[18] *Ricks*, 891 F.3d at 475.

[19] *Id.*

[20] *Id.* (internal quotations omitted).

[21] *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).

[22] *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007).

[23] *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

[24] *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[25] *See Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015); *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002) ("[T]he PLRA does not apply to actions filed by former prisoners.").

[26] *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[27] *Iqbal*, 556 U.S. at 676.

[28] *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

[29] *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)).

[30] *Id.*

[31] *Id.* at 319.

[32] *Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009).

³³ ECF Doc. No. 2 at 9.

³⁴ Mr. Hailey cannot state a claim based solely on the denial of grievances because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam).

³⁵ *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case").

³⁶ *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010).

³⁷ *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

³⁸ *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

³⁹ *McKinney v. Prosecutor's Office*, Civ. A. No. 13-2553, 2014 WL 2574414, at *14 (D.N.J. June 4, 2014) (internal quotations omitted).

⁴⁰ *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).